IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JENNIFER D. RICHEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-06-1323-C |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Jennifer D. Richey has moved the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (See Pl.'s Mot., Dkt. No. 31.) The government has responded (see Gov't's Resp., Dkt. No. 33), and Plaintiff has replied (see Pl.'s Reply, Dkt. No. 36.) This matter is therefore at issue.

Section 2412(d) provides that a prevailing party other than the United States shall be awarded fees unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. With respect to EAJA applications in Social Security cases, the Commissioner has the burden of showing that its position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). The Commissioner must prove that his case has a reasonable basis in law and in fact. Id. The term "substantially justified" has been defined as "'justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person.'" Id. (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Based on an independent review of the record, the Court concludes, and the government does not disagree, that Plaintiff is a prevailing party and the government's position was not substantially justified. The government objects, however, that the requested amount of $7,847.10[*] is unreasonable. The Court will address each of the government's arguments in turn.

Plaintiff seeks an award of $900.00 for ten hours of work performed by Meghan Coast, who worked as a "legal intern" at Plaintiff's counsel's law firm during the summer of 2007. (See Pl.'s Mot. at 7 & Ex. 1 at 4.) Although in her motion Plaintiff describes Ms. Coast as "a senior at the University of Oklahoma," Plaintiff's reply brief explains that Ms. Coast is a May 2008 graduate from Oklahoma State University who was considering applying to law school at the time she worked at Plaintiff's counsel's law firm in 2007. (See Pl.'s Reply at 1-2.) According to Plaintiff, Ms. Coast spent fifteen hours on June 13, 2007, "perform[ing a] review of entire record, preparing notes on medical history[,] and writing a summary of relevant information with references to the record" under the direct supervision of an attorney. (See Pl.'s Mot. Ex. 1 at 4; Pl.'s Reply at 2.) Although Plaintiff waived five hours of expended time for this motion, cf. DiGennaro v. Bowen, 666 F. Supp. 426, 434 (E.D.N.Y. 1987), she still seeks $90.00 per hour for ten hours of Ms. Coast's work. The government objects to this rate because although case law generally supports EAJA

---

[*] Plaintiff originally requested $7,441.50 (see Pl.'s Mot. at 1), but she increased her request on account of the additional attorney hours expended in preparation of the reply (see Pl.'s Reply at 5). As of this date the government has not objected to this fee increase.

compensation for services provided by law students, Ms. Coast was not a law student, licensed legal intern, or legal assistant. Plaintiff responds that while work of a purely clerical nature is not compensable under the EAJA, see Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 973 (D.C. Cir. 2004), the work performed by Ms. Coast should be compensated because it was legal in nature and of the type that an attorney could charge for if he or she completed it. (See Pl.'s Reply at 2.)

The contributions of an undergraduate student, who is a temporary employee with no specialized knowledge or skills, presumably would fall within the work of support staff that is included within the overhead component of an attorney's fee and is not properly chargeable to the government under the EAJA. See Role Models, 353 F.3d at 974. Ms. Coast's work, however, is not merely clerical in nature, and it is possible that her task would have otherwise fallen to Plaintiff's counsel or a paralegal. Cf. B & G Mining, Inc. v. Dir., Office of Workers' Comp. Programs, 522 F.3d 657, 666 (6th Cir. 2008). Because Plaintiff has voluntarily reduced the hours worked by Ms. Coast for purposes of her motion, and the government has acceded to paying Ms. Coast $30.00 an hour for these reduced hours, the Court will permit an award of $30.00 per hour for a total of $300.00 for Ms. Coast's ten hours of services performed.

Next, the government objects to Plaintiff's request for $957.00 of attorney work as a duplication of the efforts expended by Ms. Coast. (See Gov't's Resp. at 3.) On the time sheets submitted by Plaintiff, there is a notation for 5.8 hours of work on July 2, 2007, billed

at $165.00 per hour, described as: "Attorney prepares written summary of relevant medical history with references to record using notes previously prepared by intern as a guide." (See Pl.'s Mot. Ex. 1 at 4.)  Having contrasted the medical chart review and summary prepared by Ms. Coast with the summary prepared by Plaintiff's counsel and filed during litigation, the Court disagrees with the government.  (Compare Pl.'s Reply Exs. 1 & 2 with Pl.'s Reply Ex. 3.)  Although Ms. Coast's initial review and summary of the record created a useful research tool for Plaintiff's counsel, the final version of the medical evidence summary goes into much greater detail and incorporates additional evidence that Plaintiff's counsel wanted to highlight for purposes of the Court's legal analysis.  (See Pl.'s Reply Ex. 3.)  Plaintiff's counsel is entitled to compensation for the full 5.8 hours expended in preparing this written summary.

Therefore, Plaintiff's attorney is entitled to an award of fees under the EAJA in the amount of $7,247.10.  This award shall be paid directly to Plaintiff.  See Manning v. Astrue, 510 F.3d 1246, 1249-55 (10th Cir. 2007).  Further, if Plaintiff's counsel is ultimately granted attorney's fees pursuant to 42 U.S.C. § 406(b)(1), she shall refund the smaller award to Plaintiff pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

## CONCLUSION

As outlined herein, Plaintiff's motion for EAJA attorney's fees (Dkt. No. 31) is GRANTED subject to the modification outlined above.  The Court finds that Plaintiff's

attorney is entitled to an award of fees under the EAJA in the amount of $7,247.10, to be paid directly to Plaintiff.

    IT IS SO ORDERED this 27th day of May, 2008.

*[Signature]*

ROBIN J. CAUTHRON
United States District Judge